COOLEY LLP
KYLE C. WONG (224021)
(kwong@cooley.com)
DARINA A. SHTRAKHMAN (324109)
(dshtrakhman@cooley.com)
JULIA M. IRWIN (352861)
(jirwin@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

Attorneys for Defendant
Coursera, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMAN GHAZIZADEH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COURSERA, INC.,<br><br>Defendant. | Case No. 5:23-cv-05646-EJD<br><br>**DEFENDANT COURSERA, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*Declaration of Mustafa Furniturewala and (Proposed) Order filed concurrently herewith*<br><br>Date:        June 6, 2024<br>Time:        9:00 a.m.<br>Dept:        4<br>Judge:      Edward J. Davila<br>Trial Date: TBD<br>Date Action Filed: November 1, 2023 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

COURSERA'S MOTION TO
COMPEL ARBITRATION
CASE NO. 5:23-CV-05646-EJD

TABLE OF CONTENTS

PAGE

I.    INTRODUCTION ............................................................................................. 1

II.   RELEVANT FACTS ....................................................................................... 3

      A.    Plaintiff Repeatedly Received Notice of and Agreed to Coursera's Terms
            and Arbitration Agreement ..................................................................... 4

      B.    Coursera's Arbitration Agreement is Consumer Friendly and Cost Effective ....... 8

      C.    Plaintiff Filed Suit Without First Commencing Arbitration ................................. 9

III.  LEGAL STANDARDS ................................................................................... 9

IV.   ARGUMENT .............................................................................................. 10

      A.    The Federal Arbitration Act Governs This Motion ............................................ 10

      B.    Plaintiff Agreed to Arbitrate the Enforceability of the Arbitration Agreement ..... 11

      C.    The Parties' Agreement to Delegate Arbitrability Is Valid, Clear, and
            Enforceable ...................................................................................... 13

      D.    The Gateway Issues Under the Federal Arbitration Act Have Been Satisfied ...... 15

      E.    Plaintiff's Claims Should Be Dismissed, or At the Least, Stayed ........................ 17

V.    CONCLUSION ............................................................................................ 17

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

COURSERA'S MOTION TO
COMPEL ARBITRATION
CASE NO. 5:23-CV-05646-EJD

# TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
    475 U.S. 643 (1986) .......................................................................................... 10

*AT&T Mobility LLC v. Concepcion*,
    563 U.S. 333 (2011) ............................................................................................ 9

*Atlas Int'l Mktg., LLC v. Car-E Diagnostics, Inc.*,
    2014 WL 3371842 (N.D. Cal. July 9, 2014) .............................................. 10, 17

*Binder v. Aetna Life Ins. Co.*,
    75 Cal. App. 4th 832 (1999) ............................................................................ 15

*Brennan v. Opus Bank*,
    796 F.3d 1125 (9th Cir. 2015) ..................................................... 10, 12, 13, 15

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
    207 F.3d 1126 (9th Cir. 2000) .................................................................... 15, 16

*Citizens Bank v. Alafabco, Inc.*,
    539 U.S. 52 (2003) .......................................................................................... 10

*Edwards v. Metro. Life Ins. Co.*,
    2010 WL 5059553 (N.D. Cal. Dec. 6, 2010) .................................................. 10

*EEOC v. Waffle House, Inc.*,
    534 U.S. 279 (2002) ........................................................................................ 16

*Fadal Machining Ctrs., LLC v. Compumachine, Inc.*,
    461 F. App'x 630 (9th Cir. 2011) ................................................................... 12

*Ferguson v. Corinthian Colls., Inc.*,
    733 F.3d 928 (9th Cir. 2013) ............................................................................ 9

*Green Tree Fin. Corp.-Ala. v. Randolph*,
    531 U.S. 79 (2000) .......................................................................................... 10

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
    568 U.S. 63 (2019) ............................................................................... 10, 11, 13

*Howsam v. Dean Witter Reynolds, Inc.*,
    537 U.S. 79 (2002) .......................................................................................... 10

*Johnmohammadi v. Bloomingdale's, Inc.*,
    755 F.3d 1072 (9th Cir. 2014) ........................................................................ 17

*Lee v. Ticketmaster LLC*,
    817 F. App'x 393 (9th Cir. 2020) ........................................................................... 14

*Loewen v. Lyft, Inc.*,
    129 F. Supp. 3d 945 (N.D. Cal. 2015) ................................................................... 17

*Macias v. Excel Bldg. Servs. LLC*,
    767 F. Supp. 2d 1002 (N.D. Cal. 2011) ................................................................. 10

*Mohamed v. Uber Techs., Inc.*,
    848 F.3d 1201 (9th Cir. 2016) .......................................................................... 11, 12

*Momot v. Mastro*,
    652 F.3d 982 (9th Cir. 2011) ................................................................................. 11

*Mortensen v. Bresnan Commc'ns, LLC*,
    722 F.3d 1151 (9th Cir. 2013) ............................................................................... 11

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983) ..................................................................................................... 9

*Oracle Am., Inc. v. Myriad Grp. A.G.*,
    724 F.3d 1069 (9th Cir. 2013) ............................................................................... 12

*Patrick v. Running Warehouse, LLC*,
    93 F.4th 468 (9th Cir. 2024) .................................................................................. 12

*Perry v. Thomas*,
    482 U.S. 483 (1987) ................................................................................................. 9

*Peter v. DoorDash, Inc.*,
    445 F. Supp. 3d 580 (N.D. Cal. 2020) ...................................................... 9, 15, 16

*Rent-A-Center, West, Inc. v. Jackson*,
    561 U.S. 63 (2010) ................................................................................................. 11

*Shansby v. Edrington, USA, Inc.*,
    2023 WL 2456789 (N.D. Cal. Mar. 9, 2023) ....................................................... 12

*Shearson/Am. Express, Inc. v. McMahon*,
    482 U.S. 220 (1987) ........................................................................................ 10, 17

*Simula, Inc. v. Autoliv, Inc.*,
    175 F.3d 716 (9th Cir. 1999) ................................................................................. 16

*Sparling v. Hoffman Constr. Co.*,
    864 F.2d 635 (9th Cir. 1988) ................................................................................. 17

*United States v. Jackson*,
    851 F. App'x 35 (9th Cir. 2021) ............................................................................ 11

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

COURSERA'S MOTION TO
COMPEL ARBITRATION
CASE NO. 5:23-CV-05646-EJD

*United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*,
   363 U.S. 574 (1960) ........................................................................................................... 15, 16

**Statutes**

9 U.S.C. § 2 ........................................................................................................................... 10, 13

Cal. Civ. Code § 1550 .................................................................................................................. 15

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

COURSERA'S MOTION TO
COMPEL ARBITRATION
CASE NO. 5:23-CV-05646-EJD

1   **NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION**

2   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3       PLEASE TAKE NOTICE that on June 6, 2024 at 9:00 a.m., or as soon thereafter as this

4   Motion may be heard in the above-titled Court, located at 280 South 1st Street, 5th Floor,

5   Courtroom 4, San Jose, CA 95113, Defendant Coursera, Inc. will and hereby does move this Court,

6   pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16, for an order compelling Plaintiff Iman

7   Ghazizadeh to arbitrate his claims against Coursera in the Class Action Complaint ("Complaint")

8   (ECF No. 1) and dismissing this case.  This Motion is based on this Notice of Motion and Motion,

9   the accompanying Memorandum of Points and Authorities, the concurrently filed declaration of

10  Mustafa Furniturewala and the exhibits attached thereto, all pleadings and papers on file in this

11  matter, and upon such matters as may be presented to the Court at the time of hearing on this Motion

12  or otherwise.

13  **STATEMENT OF RELIEF SOUGHT**

14      Defendant Coursera, Inc. seeks an order compelling arbitration of Plaintiff's claims in the

15  Complaint and dismissal of this case.

16  **STATEMENT OF ISSUES TO BE DECIDED**

17      Whether the Court should compel arbitration of this dispute (including any dispute over

18  arbitrability) and dismiss this case in light of Plaintiff's repeated agreement to Defendant's

19  operative Terms of Use, which explicitly require the arbitration of "any and all disputes, claims, or

20  controversies of any kind . . . that arise out of or relate to [Coursera's] Services, these Terms, and/or

21  any other relationship or dispute between [the learner and Coursera.]"

22  **MEMORANDUM OF POINTS AND AUTHORITIES**

23  **I.   INTRODUCTION**

24      Plaintiff Iman Ghazizadeh ("Plaintiff") seeks to hold Defendant Coursera, Inc.

25  ("Coursera"), a public benefit corporation dedicated to bringing flexible, affordable online learning

26  to individuals worldwide, liable for alleged transmission of Plaintiff's Coursera video-viewing

27  history to Meta in violation of the Video Privacy Protection Act ("VPPA").  Specifically, he claims

28  by installing the Meta Pixel, a commonplace third-party marketing and analytics tool, on its

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

COURSERA'S MOTION TO
COMPEL ARBITRATION
CASE NO. 5:23-CV-05646-EJD

website, Coursera knowingly violated the VPPA.

Plaintiff's Complaint suffers from several fatal defects,[1] including that he repeatedly agreed to resolve his disputes with Coursera only in individual arbitration, and he should not be allowed to repudiate the parties' binding arbitration agreement by bringing a putative class action before this Court.

Plaintiff manifested affirmative consent to Coursera's Terms—including its mandatory arbitration provision—in at least two ways. *First*, when Plaintiff signed up for Coursera in 2015, he accepted Coursera's online Terms of Use ("Terms" or "TOU") that included an arbitration provision and a clear statement that continued use of Coursera's platform would constitute acceptance to future updates to Coursera's Terms. Coursera updated its arbitration provision in January 2021, stating that the parties agree to arbitrate "all disputes, claims, or controversies of any kind" and prominently adding a class action waiver. The preamble to the updated Terms conspicuously notified learners in all-caps font that the Terms contained an arbitration agreement and a class action waiver. Additionally, as with any material change to the Terms, Plaintiff received an email notification describing the TOU update and was presented with a banner regarding the update when he next logged into Coursera. The Terms of Use were again updated in 2022 and 2023, and while no changes were made to the arbitration provision from the 2021 TOU, Plaintiff again received email and banner notifications of those updates. After these notifications, he continued to use the Coursera platform, thereby consenting to the updated TOU. *Second*, Plaintiff also purchased a Coursera certification in 2022, and as part of the checkout process for the purchase, he again affirmatively agreed to the 2022 TOU. Plaintiff cannot avoid arbitration by claiming he did not have notice of, or assent to, the arbitration agreement.

Binding Ninth Circuit case law makes clear that the broad language in Coursera's arbitration

---

[1] As explained in Coursera's Motion to Dismiss (*see* ECF No. 20), Plaintiff lacks Article III standing, his Complaint fails to satisfy several statutory requirements, and even assuming *arguendo* he does satisfy both standing and the elements of the VPPA, Coursera's alleged data sharing falls within the VPPA's ordinary course of business exception.

Cooley LLP
Attorneys at Law
San Francisco

2

Coursera's Motion to
Compel Arbitration
Case No. 5:23-cv-05646-EJD

1    provision mandates arbitration.  Accordingly, the Court should compel Plaintiff to arbitrate his

2    claims, as he agreed to do, and dismiss the case, or stay the action pending the arbitrator's

3    determination.

4    **II.    RELEVANT FACTS**

5          Coursera is a certified B corporation[2] and an educational technology company that partners

6    with top universities and educational institutions to provide classes, certificates, and degree

7    programs across a diverse array of subject areas, including "data science, math and logic, arts and

8    humanities, personal development, business, public health," and more.  (Compl. ¶¶ 1, 23.)  After

9    signing up for a Coursera account, learners may enroll in individual courses—many of which are

10   free—on an ad hoc basis, or purchase a "Coursera Plus" membership, allowing unlimited access to

11   most programmatic offerings.  (*See id.* ¶¶ 2, 24-25.)  Learners progress through their selected

12   programs by reading course material, watching recorded lessons, completing assignments, and

13   passing evaluations through Coursera's online platform.  (*Id.* ¶¶ 2, 26.)

14         Plaintiff Iman Ghazizadeh created a Coursera account on December 27, 2015.  Declaration

15   of Mustafa Furniturewala ("Furniturewala Decl.") ¶ 6.  Coursera's records show that Plaintiff

16   registered for his account by inputting his email address into Coursera's sign-in flow (and he did

17   not sign up through Facebook or any other Single Sign-On service).  *Id.* ¶ 7.  As discussed below,

18   in so doing, Plaintiff agreed to Coursera's then-operative Terms of Use ("2015 TOU"), which

19   included a clause making clear that continued use of Coursera's platform would constitute

20   acceptance to future updates to Coursera's TOU.  *Id.* ¶ 8.  Subsequent versions of Coursera's TOU

21   all contained an identical clause stating continued use would constitute acceptance to these

22   respective updates.  *See, e.g.*, *id.* ¶ 9; *see also, e.g.*, *id.* Ex. B at 7 (2021 TOU), Ex. C at 9 (2022

23   TOU), Ex. D at 9 (2023 TOU).

---

24

25   [2] B Corp Certification is a designation that a business is meeting high standards of verified

26   performance, accountability, and transparency on factors from employee benefits and charitable

27   giving to supply chain practices and input materials.  *See* https://www.bcorporation.net/en-

28   us/certification/.

Further, as described in detail below, Coursera's updated 2021 TOU, 2022 TOU, and 2023 TOU, which Plaintiff was notified of and agreed to, each contained an identical provision requiring submission of all disputes related to Coursera's services to binding arbitration (the "Arbitration Agreement").  *Id.* ¶ 10.

**A.    Plaintiff Repeatedly Received Notice of and Agreed to Coursera's Terms and Arbitration Agreement**

**The 2015 TOU.**  When Plaintiff signed up for his Coursera account in 2015, he entered his name and email, selected a password in the dialog box shown below, and then affirmatively clicked the "Sign Up" button.  *Id.* ¶ 7.  As pictured, immediately adjacent to the "Sign Up" button Plaintiff clicked was conspicuous text reading, "By creating an account, I accept Coursera's **Terms of Service** and **Honor Code**[,]" saliently displayed as a single, standalone sentence in an uncluttered format with hyperlinks to the relevant contracts easily distinguishable in boldface type:



Furniturewala Decl., Ex. A.  The bolded "Terms of Service" pictured above hyperlinked directly to the 2015 TOU, which included a provision explicitly advising the learner that their continued use

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

COURSERA'S MOTION TO
COMPEL ARBITRATION
CASE NO. 5:23-CV-05646-EJD

of Coursera's platform would constitute binding acceptance of later-revised Terms:

> We reserve the right to revise the Terms at our sole discretion at any time.  Any revisions to the Terms will be effective immediately upon posting by us.  For any material changes to the Terms, ***we will take reasonable steps to notify you of such changes***.  In all cases, ***your continued use of the Services after publication of such changes, with or without notification, constitutes binding acceptance*** of the revised Terms.

Furniturewala Decl. ¶ 8 (emphasis added).

**The 2021 TOU.**  In conjunction with the 2021 TOU update, Coursera emailed all learners to inform them of forthcoming updates to its Terms of Use, including updates to the Arbitration Agreement, effective January 1, 2021 (the "2021 Notice Email").  *Id.* ¶ 12.  Coursera's records show that the Notice Email, bearing the subject line, "Terms of Use and Privacy Notice Update," was delivered to Plaintiff's email address on December 18, 2020.  *Id.* ¶ 13.  The Notice Email clearly and prominently advised Plaintiff of the following:

> As part of our ongoing efforts to provide the best service to learners, customers, and partners, we will be updating some of our policies.  Effective January 1, 2021, an updated Terms of Use and Privacy Notice will be in place on Coursera.

Furniturewala Decl., Ex. E.  Further, the Notice Email specifically highlighted that changes to Coursera's Terms included updated arbitration language:

> For your convenience, here is a brief summary of the changes to each policy. We encourage you to review each one in full.
> - Terms of Use: ***Updated arbitration language*** and increased clarity of definitions.

*Id.* (emphasis added).  The blue-font "Terms of Use" here was a direct hyperlink to the full version of the 2021 Terms containing the Arbitration Agreement.  Furniturewala Decl. ¶ 13.

Moreover, beginning on December 18, 2020, Coursera's home page, to which learners are immediately directed upon logging in, featured a blue banner ("2021 Banner") prominently at the top of the page, stating:

> *Starting January 1, 2021, our updated Terms of Use and Privacy Notice are in effect.  Please visit each respective page to find out more about the updates.*

*Id.* ¶ 15.  As in the 2021 Notice Email, the blue-font "Terms of Use" was a direct hyperlink to the full version of the 2021 Terms containing the Arbitration Agreement.  There was no option for

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

COURSERA'S MOTION TO
COMPEL ARBITRATION
CASE NO. 5:23-CV-05646-EJD

1  learners to dismiss the banner.  Coursera has verified from its internal records that the banner was

2  presented to Plaintiff at least once when he logged in on January 9, 2021 and would have been

3  continually displayed on his home page for months.  *Id.*

4      The preamble to the 2021 Terms notified Coursera users in all-caps that "THESE TERMS

5  INCLUDE AN ARBITRATION AGREEMENT AND CLASS ACTION WAIVER THAT

6  APPLY TO ALL CLAIMS BROUGHT AGAINST COURSERA," advising learners to "PLEASE

7  READ THEM CAREFULLY; THEY AFFECT YOUR LEGAL RIGHTS."  *Id.* ¶ 11, Ex. B at 1.

8  The Arbitration Agreement, demarcated within the 2021 Terms by the clear heading, "Binding

9  Arbitration and Class Action Waiver," included the following provisions:

10      **Expansive Scope:** The Arbitration Agreement states that "[Learners] and Coursera agree

11  to submit to binding arbitration any and all disputes, claims, or controversies of any kind, whether

12  based on statute, regulation, constitution, common law, equity, or any other legal basis or theory,

13  and whether pre-existing, present, or future, that arise out of or relate to [Coursera's] Services, these

14  Terms, and/or any other relationship or dispute between you and us[.]"  *Id.*, Ex. B at 6.

15      **Delegation Provision:** The Arbitration Agreement provides for submission to arbitration

16  of all disputes "including without limitation (i) the scope, applicability, or enforceability of these

17  Terms and/or this arbitration provision, and (ii) relationships with third parties who are not parties

18  to these Terms or this arbitration provision to the fullest extent permitted by applicable law[.]"  *Id.*

19      **Individual Arbitration:** Coursera explains that the Arbitration Agreement contains a class

20  action waiver (*id.,* Ex. B at 7):

21      Neither you nor Coursera may act as a class representative, nor participate as a
     member of a class of claimants, with respect to any Claim.  The Claims may not be
22      arbitrated on a class or representative basis.  The arbitrator can decide only your
     and/or Coursera individual claims.  The arbitrator may not consolidate or join the
23      claims of other persons or parties who may be similarly situated.  Accordingly, you
     and we agree that the AAA Supplementary Rules for Class Arbitrations do not
24      apply to our arbitration.

25      **Notice:** The Arbitration Agreement contains a standalone paragraph, offset in all-caps font,

26  explaining (*id.*):

27      THIS BINDING ARBITRATION AND CLASS ACTION WAIVER SECTION
     LIMITS CERTAIN RIGHTS, INCLUDING THE RIGHT TO MAINTAIN A
28      COURT ACTION, THE RIGHT TO A JURY TRIAL, THE RIGHT TO

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

PARTICIPATE IN ANY FORM OF CLASS OR REPRESENTATIVE CLAIM, AND THE RIGHT TO ENGAGE IN DISCOVERY EXCEPT AS PROVIDED IN THE AAA RULES.  OTHER RIGHTS THAT YOU OR COURSERA WOULD HAVE IN COURT ALSO MAY NOT BE AVAILABLE IN ARBITRATION.

**The 2022 and 2023 TOUs.**  Coursera again updated its TOU in 2022 and 2023; none of those changes involved the Arbitration Agreement, which remained exactly the same as in the 2021 TOU.  *Id.* ¶ 16.  As with the 2021 update, learners received notice of updates to Coursera's TOU effective in January 2022 and January 2023 via the 2022 Notice Email and 2022 Banner and the 2023 Notice Email and 2023 Banner, respectively.  *Id.* Exs. F, G, H & I.  Those notifications were substantially similar to those provided to Plaintiff in 2021.  Further, Coursera's records include data demonstrating the Plaintiff received each of the notice emails.  *Id.* ¶ 16.  After these updates, Plaintiff continued to manifest his assent to the Arbitration Agreement detailed above as included, verbatim, in the 2022 TOU and 2023 TOU by virtue of his ongoing use of Coursera's platform.  *Id.* ¶ 10.  As the 2023 TOU is the latest version of the TOU that Plaintiff assented to prior to filing this lawsuit, the Arbitration Agreement contained therein—identical to previous iterations from 2021 on—presently operates to bind Plaintiff to the parties' agreement to arbitrate.

In addition to receiving notification of these updates through multiple channels, Plaintiff also assented to Coursera's Terms in a second, independently binding way:  by making a certification course purchase.  Specifically, on October 2, 2022, Plaintiff enrolled in a Coursera certification course that required payment.  *Id.* ¶ 17.  As part of the checkout flow, he was required to input his name and credit card information, and then to affirmatively click the "Pay Now" button.  *Id.*  Immediately adjacent to the "Pay Now" button Plaintiff clicked was conspicuous text stating:  "I agree to the **Terms of Use, Refund Policy,** and **Privacy Policy.**"  *Id.*  This text included hyperlinks to the relevant contracts easily distinguishable in boldface type, and in 2022 when Plaintiff made his purchase, it linked to the 2022 TOU.  *Id.*



**B.**     **Coursera's Arbitration Agreement is Consumer Friendly and Cost Effective**

The Arbitration Agreement is designed to ensure that Coursera's users have a simple and efficient means of resolving disputes through the following provisions:

- **Small claims court and self-help options**: Either party may take an individual dispute to small claims court or exercise self-help remedies in lieu of arbitration, and may also apply to any court of competent jurisdiction for provisional or ancillary relief, including pre-arbitral attachments or preliminary injunctions (*see id.*, Ex. D at 8);

- **Conveniently located hearing**: The Arbitration Agreement provides for arbitration proceedings conducted in the federal judicial district of the learner's residence and offers learners the opportunity to attend the proceeding and be heard (*id.*);

- **Costs**: The Arbitration Agreement states that for learner-initiated arbitrations, the learner "agree[s] to pay the initiation fee of $200 (or the amount otherwise required by the AAA Rules), and [Coursera will] pay the remaining arbitration initiation fee and any additional deposit required by AAA to initiate your arbitration." *Id.* Coursera will pay the costs of the arbitration proceeding, including the arbitrator's fees. *Id.*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

COURSERA'S MOTION TO
COMPEL ARBITRATION
CASE NO. 5:23-CV-05646-EJD

1

### C.  Plaintiff Filed Suit Without First Commencing Arbitration

2  Notwithstanding Plaintiff's agreement to arbitrate, Plaintiff filed this putative class action

3  on November 1, 2023 (ECF No. 1), alleging that Coursera impermissibly transmitted information

4  about Plaintiff's video-viewing history to Meta in violation of the VPPA.  (Compl. ¶¶ 52-61.)

5  Plaintiff claims that "[u]nbeknownst to consumers, when they view a video on the Coursera

6  platform, Coursera discloses a record of their viewing history to Meta . . . together with personally

7  identifiable information concerning the consumer," and that "consumers are never informed of, nor

8  do they give consent to, such a disclosure[.]"  (*Id.* ¶ 3.)  Coursera denies Plaintiff's allegations and

9  contends that it did not violate the VPPA.

10  Plaintiff seeks class certification, declaratory relief, injunctive and other equitable relief,

11  monetary damages, attorneys' fees and costs, and pre- and post-judgment interest.  *Id.* "Prayer for

12  Relief."  The Arbitration Agreement encompasses each of these claims.  Since Plaintiff filed suit,

13  there has been no Initial Case Management Conference, this Court has not ruled on Coursera's

14  Motion to Dismiss, no discovery has been taken, no Rule 26(f) conference has occurred, initial

15  disclosures have not been exchanged, and no trial date has been set.

16  ### III.  LEGAL STANDARDS

17  The Federal Arbitration Act ("FAA") reflects a "congressional declaration of a liberal

18  federal policy favoring arbitration agreements[.]"  *Perry v. Thomas*, 482 U.S. 483, 489 (1987)

19  (citation omitted).  A motion to compel arbitration pursuant to the FAA is intended to "move the

20  parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible."

21  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983).  "[A]ny doubts

22  concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Ferguson v.*

23  *Corinthian Colls., Inc.*, 733 F.3d 928, 938 (9th Cir. 2013) (citation omitted).  Courts routinely

24  recognize a "liberal federal policy favoring arbitration," along with "the fundamental principle that

25  arbitration is a matter of contract."  *Peter v. DoorDash, Inc.*, 445 F. Supp. 3d 580, 583 (N.D. Cal.

26  2020) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)).

27  In deciding whether to compel arbitration, the district court's role is limited to determining

28  two gateway issues: "(1) whether there is an agreement to arbitrate between the parties; and (2)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

COURSERA'S MOTION TO
COMPEL ARBITRATION
CASE NO. 5:23-CV-05646-EJD

whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)). "However, these gateway issues can be expressly delegated to the arbitrator where the 'parties clearly and unmistakably provide otherwise.'" *Id.* (citing *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)). "When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 568 U.S. 63, 68 (2019).

Moreover, "[i]n a motion to compel arbitration, the burden of proof is on the party asserting jurisdiction and contesting arbitration." *Edwards v. Metro. Life Ins. Co.*, No. C 10-03755 CRB, 2010 WL 5059553, at *4 (N.D. Cal. Dec. 6, 2010) (citing *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 227 (1987)); *see also Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000). And in deciding this motion, the Court "may consider the pleadings, documents of uncontested validity, and affidavits submitted by either party." *Atlas Int'l Mktg., LLC v. Car-E Diagnostics, Inc.*, No. 5:13-CV-02664-EJD, 2014 WL 3371842, at *3 (N.D. Cal. July 9, 2014) (citations omitted); *see also Macias v. Excel Bldg. Servs. LLC*, 767 F. Supp. 2d 1002, 1007 (N.D. Cal. 2011).

## IV.   ARGUMENT

### A.   The Federal Arbitration Act Governs This Motion

The 2023 TOU specify that the FAA governs "[t]his arbitration provision and the procedures applicable to the arbitration . . . ." Furniturewala Decl., Ex. D at 8. Moreover, the FAA provides that an arbitration agreement in any "contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or inequity for the revocation of any contract[.]" 9 U.S.C. § 2. Accordingly, the FAA governs this Motion, under the express terms of the Arbitration Agreement and because the agreement relates to the Coursera courses and the sale of Coursera membership, which affects commerce.[3]  *See*

---

[3] The Coursera platform is accessed and subscribed to by users across the United States, and thus affects commerce. *See Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) (*per curiam*) ("[The Supreme Court] ha[s] interpreted the term 'involving commerce' in the FAA as the functional

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

COURSERA'S MOTION TO
COMPEL ARBITRATION
CASE NO. 5:23-CV-05646-EJD

1   *Mortensen v. Bresnan Commc'ns, LLC*, 722 F.3d 1151, 1157 (9th Cir. 2013) (holding that the FAA

2   governs arbitration agreements "in contracts involving interstate commerce" and presumes they are

3   "valid, irrevocable, and enforceable" (citations omitted)).

**B.      Plaintiff Agreed to Arbitrate the Enforceability of the Arbitration Agreement**

5        The parties can expressly delegate the gateway questions—of whether there is an

6   enforceable agreement to arbitrate and whether the agreement covers the dispute—to the arbitrator

7   "so long as the parties' agreement does so by clear and unmistakable evidence." *See Henry Schein*,

8   586 U.S. at 69 (internal quotations omitted).  "An agreement to arbitrate a gateway issue is simply

9   an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce,

10  and the FAA operates on this additional arbitration agreement just as it does on any other." *Rent-*

11  *A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70 (2010).  "When the parties' contract delegates the

12  arbitrability question to an arbitrator, a court may not override the contract" and "a court possesses

13  no power to decide the arbitrability issue" even if it considers the moving party's motion to be

14  "wholly groundless." *Henry Schein*, 586 U.S. at 68.

15       The Ninth Circuit has held that provisions granting arbitrators the authority to decide issues

16  relating to the "interpretation or application of" an arbitration agreement, including its

17  "enforceability, revocability or validity" must "clearly and unmistakably indicate[] [the parties']

18  intent for the arbitrators to decide the threshold question of arbitrability." *Mohamed v. Uber Techs.,*

19  *Inc.*, 848 F.3d 1201, 1208-09 (9th Cir. 2016) (holding arbitrator must determine arbitrability

20  pursuant to the delegation clause) (cleaned up); *see also Momot v. Mastro*, 652 F.3d 982, 988

21  (9th Cir. 2011) (holding that clause delegating to arbitrator the authority to determine "the validity

22  or application of any of the provisions of the arbitration clause[] constitutes an agreement to

23  arbitrate threshold issues concerning the arbitration agreement" (quoting *Rent-A-Center*, 561 U.S.

24  at 68) (internal quotations omitted)).

25  _____

26  equivalent of the more familiar term 'affecting commerce'"); *United States v. Jackson*,

27  851 F. App'x 35, 36 (9th Cir. 2021) (holding that the "Internet is an instrument of, and intimately

28  related to, interstate commerce").

Cooley LLP
Attorneys at Law
San Francisco

11

**Coursera's Motion to
Compel Arbitration
Case No. 5:23-cv-05646-EJD**

The Arbitration Agreement at issue here readily meets the Ninth Circuit standard as it expressly provides that the Parties agree to submit to binding arbitration

> any and all disputes . . . that arise out of or relate to our Services, these Terms, and/or any other relationship or dispute between you and us, including without limitation (i) the scope, applicability, or enforceability of these Terms and/or this arbitration provision, and (ii) relationships with third parties who are not parties to these Terms or this arbitration provision to the fullest extent permitted by applicable law[.]

Furniturewala Decl., Ex. D at 7.[4]  As in *Mohamed*, Coursera's Arbitration Agreement authorizes the arbitrator to determine issues of "scope, applicability, [and] enforceability," *id.*, which clearly and unmistakably establishes the parties' intent to delegate all questions of arbitrability to the arbitrator.  *See Mohamed*, 848 F.3d at 1208-09.

It is also well-established in this Circuit that the express incorporation of arbitration rules that grant the arbitrator "the power to rule on his or her own jurisdiction" is "unmistakable evidence that contracting parties agreed to arbitrate arbitrability."  *Brennan*, 796 F.3d at 1130; *see also Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 481 (9th Cir. 2024) ("Incorporation of the JAMS arbitration rules by reference constitutes clear and unmistakable evidence that the parties agree to arbitrate arbitrability."); *Oracle Am., Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1074-75 (9th Cir. 2013) (holding that "incorporation of the UNCITRAL arbitration rules" demonstrated that "the parties agreed the arbitrator would decide arbitrability"); *Fadal Machining Ctrs., LLC v. Compumachine, Inc.*, 461 F. App'x 630, 632 (9th Cir. 2011) ("[T]he language of the arbitration clause shows a clear and unmistakable intent to delegate questions of scope to the arbitrator . . . [where] [t]he clause incorporates the AAA's Commercial Arbitration Rules, which provide that '[t]he arbitrator shall have the power to rule on his or her own jurisdiction[.]'" (citation omitted)).

Moreover, courts find delegation where arbitration agreements incorporate arbitration rules providing for the arbitrator to decide arbitrability issues.  *See, e.g.*, *Shansby v. Edrington, USA, Inc.,* No. 22-cv-06907-JSC, 2023 WL 2456789, at *2 (N.D. Cal. Mar. 9, 2023) (finding an

---

[4] The TOU define "Services" broadly:  "These Terms of Use ('Terms') govern your use of our website, apps, and other products and services ('Services')."

Cooley LLP
Attorneys at Law
San Francisco

12

COURSERA'S MOTION TO
COMPEL ARBITRATION
CASE NO. 5:23-CV-05646-EJD

agreement delegates the issue of arbitrability to the arbitrator "because it incorporates the JAMS rules of arbitration and those rules empower the arbitrator to decide arbitrability"). Coursera's 2023 TOU incorporates the AAA Consumer Arbitration Rules, which provide that the arbitrator has the power to decide the issue of arbitrability. *See* Furniturewala Decl., Ex. D at 8 ("Any and all Claims shall be submitted for binding arbitration in accordance with the Consumer Arbitration Rules of the American Arbitration Association (the 'AAA Rules'), as amended, in effect at the time arbitration is initiated. The AAA Rules . . . are hereby incorporated by reference."). Rule 14(a) of the AAA Consumer Arbitration Rules[5] states that: "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." Thus, the Parties twice indicated a clear and unmistakable intent to delegate the threshold questions of arbitrability to the arbitrator—both by stating it on the face of the TOU and be incorporating and adopting the AAA Consumer Arbitration Rules.

### C. The Parties' Agreement to Delegate Arbitrability Is Valid, Clear, and Enforceable

Where, as here, the parties delegated the question of arbitrability to the arbitrator, "the only remaining question is whether the particular agreement *to delegate* arbitrability"—the Delegation Provision—is valid and enforceable. *Brennan*, 796 F.3d at 1132 (emphasis in original); *see also Henry Schein*, 586 U.S. at 68 (holding that where the parties' contract delegates the arbitrability question to an arbitrator, "a court possesses no power to decide" the issue, "even if the court thinks the argument that the arbitration agreement applies to a particular dispute is wholly groundless").

As described above, Plaintiff repeatedly agreed to arbitrate the claims he asserts in this action, as well as any disputes regarding the arbitrability of these claims (the "Delegation Provision"). *See supra* Section II.A; Furniturewala Decl., Ex. D at 7. He does not plead or even suggest that the Delegation Provision (to say nothing of the entire Arbitration Agreement) is unenforceable in any way. *See* 9 U.S.C. § 2 ("A written provision in any . . . contract . . . to settle

---

[5] https://adr.org/sites/default/files/Consumer%20Rules.pdf

Cooley LLP
Attorneys at Law
San Francisco

13

Coursera's Motion to
Compel Arbitration
Case No. 5:23-CV-05646-EJD

1    by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable,

2    and enforceable, save upon such grounds as exist at law or in equity for the revocation of any

3    contract.").  As such, Plaintiff has not met his burden to evade the agreement he made with

4    Coursera, and this Court should compel the parties to arbitrate this matter.

5              And even were the Plaintiff to argue in his opposition that the Delegation Provision is

6    unenforceable, the Provision bears all the hallmarks of a valid, enforceable contract.  Plaintiff

7    consented to Coursera's 2021, 2022, and 2023 Terms, all of which include the Arbitration

8    Agreement containing the Delegation Provision.  *First*, in conjunction with the 2021 TOU update,

9    Plaintiff received the Notice Email from Coursera, which clearly alerted him that the Terms were

10   updated to include the Arbitration Agreement and provided a hyperlink to the full version of the

11   Terms, encouraging learners to "review . . . in full."  Furniturewala Decl. ¶ 14, Exs. F & G.[6]  The

12   TOU Plaintiff agreed to in 2015 (and all subsequent versions) stated:  "In all cases, your continued

13   use of the Services after publication of such changes, with or without notification, constitutes

14   binding acceptance of the revised Terms."  Furniturewala Decl. ¶ 8; *see also, e.g.*, *id.*, Ex. B at 7;

15   Ex. C at 9; Ex. D at 9.  Plaintiff thus indicated his acceptance of the updated TOU by continuing to

16   use the Coursera platform after the 2021 update.  Furniturewala Decl. ¶ 10.  *Second,* on October 2,

17   2022, Plaintiff enrolled in a paid Coursera certification course, and as part of the checkout flow, he

18   clicked the "Pay Now" button directly adjacent to text confirming he agreed to the then-operative

19   2022 TOU.  *See* Furniturewala Decl. ¶ 17; *id.* Ex. J (stating "I agree to the Terms of Use, Refund

20   Policy, and Privacy Policy." and hyperlinking to 2022 TOU); *see also, e.g.*, *Lee v. Ticketmaster*

21   *LLC*, 817 F. App'x 393, 395 (9th Cir. 2020) (holding that binding acceptance occurs under

22   California law when a consumer has notice of terms accessible through a hyperlink and takes an

23   affirmative action to demonstrate assent).  Accordingly, both the Arbitration Agreement and its

24   Delegation Provision are valid and enforceable.

_____

26   [6] Plaintiff also received notice of the updated TOU in 2022 and 2023 through email and the

27   homepage banner, *see* Furniturewala Decl. ¶ 14 (citing *id.* Ex. F & G), ¶ 16 (citing *id.* Ex. H & I),

28   and thus in total he was notified three times through various means about the updated Terms.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

COURSERA'S MOTION TO
COMPEL ARBITRATION
CASE NO. 5:23-CV-05646-EJD

1      Moreover, although the Court need not (and should not) address the broader scope of the

2  Arbitration Agreement at this juncture given the Delegation Provision, it clearly covers this dispute

3  between the Parties.  Indeed, the Arbitration Agreement requires arbitration of "any and all disputes

4  . . . that arise out of or relate to our Services, these Terms, and/or any other relationship or dispute

5  between you and [Coursera.]"  Furniturewala Decl., Ex. D at 7.  Plaintiff's claim is based on

6  Coursera's allegedly unlawful transmission of information about Plaintiff's video-viewing history

7  to Meta, Compl. ¶¶ 52-61, and it falls squarely within the scope of the Arbitration Agreement

8  because it relates to what Plaintiff use of the Coursera platform, which further relates to his

9  "relationship" with Coursera.  *See Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126,

10  1131 (9th Cir. 2000) (holding that there is "little doubt that the dispute is subject to arbitration"

11  where the parties' arbitration agreement covered "[a]ny dispute, controversy or claim arising out

12  of or relating to" the broader agreement).

13      **D.      The Gateway Issues Under the Federal Arbitration Act Have Been Satisfied**

14      Even assuming *arguendo* that the Court finds that it—and not an arbitrator—should

15  determine arbitrability despite the delegation clause, the Court should compel Plaintiff to arbitrate

16  his claims because both of the "gateway" issues under the FAA are satisfied.  *See Brennan*, 796

17  F.3d at 1130 (in ruling on whether to compel arbitration, a court determines two gateway issues:

18  "(1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement

19  covers the dispute").

20      ***First,*** Plaintiff and Coursera are parties to a valid arbitration agreement.  "[A]rbitration is a

21  matter of contract . . . ."  *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S.

22  574, 582 (1960).  "An essential element of a contract is consent."  *DoorDash*, 445 F. Supp. 3d at

23  585 (citing Cal. Civ. Code § 1550 and *Binder v. Aetna Life Ins. Co.*, 75 Cal. App. 4th 832, 850

24  (1999) ("To form a contract, a manifestation of mutual assent is necessary.")).  As described *supra*,

25  Plaintiff manifested affirmative assent to Coursera's Terms in at least two ways:  (1) when he signed

26  up to use Coursera's platform, he affirmatively clicked the "Sign Up" button, presented next to text

27  that said, "By creating an account, I accept Coursera's Terms of Service . . . " with a boldface

28  hyperlink to the applicable Terms, and agreed to be bound by the provisions of Coursera's TOU as

Cooley LLP
Attorneys at Law
San Francisco

15

Coursera's Motion to
Compel Arbitration
Case No. 5:23-cv-05646-EJD

well as updates through his continued use of the Coursera platform, Furniturewala Decl. ¶ 7; and (2) he affirmatively assented to Coursera's 2022 TOU, including the updated Arbitration Agreement, when he enrolled in a paid certification course in October 2022.  See Furniturewala Decl. ¶ 17; *see also DoorDash*, 445 F. Supp. 3d at 582 (enforcing an arbitration agreement where users were notified that "By tapping Sign Up . . . you agree to our Terms and Conditions" and were presented with hyperlinked Terms).

  **Second**, the broad phrasing of the parties' arbitration agreement covers the dispute here. Federal substantive law governs the question of arbitrability.  *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999).  "[A]bsent some ambiguity in the agreement . . . it is the language of the contract that defines the scope of disputes subject to arbitration."  *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002).  Courts must conclude disputes are covered "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.  Doubts should be resolved in favor of coverage."  *See Warrior*, 363 U.S. at 582-583.  The court may only deny arbitration if "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."  *Warrior*, 363 U.S. at 582-83; *see also Chiron*, 207 F.3d at 1130-31 (describing as "broad and far reaching" an arbitration clause covering "[a]ny dispute, controversy or claim arising out of or relating to the validity, construction, enforceability or performance of this Agreement").  Here, there is no ambiguity in the arbitration agreement, and its broad language makes clear that Plaintiff's claims must be arbitrated.  Specifically, the arbitration provision states that

> [Learners] and Coursera agree to submit to binding arbitration ***any and all disputes, claims, or controversies of any kind***, whether based on statute, regulation, constitution, common law, equity, or any other legal basis or theory, and whether pre-existing, present, or future, that ***arise out of or relate to [Coursera's] Services, these Terms, and/or any other relationship or dispute between you and us***[.]

Furniturewala Decl., Ex. D at 7 (emphasis added).  Plaintiff's claim is that by installing the Meta Pixel onto its platform, Coursera allegedly knowingly infringed upon his privacy rights in violation of the VPPA.  At its core, this is a dispute "relate[d] to" the "relationship" between Plaintiff and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

COURSERA'S MOTION TO
COMPEL ARBITRATION
CASE NO. 5:23-CV-05646-EJD

1   Coursera, and there is no doubt it falls squarely within the arbitration provision.  Accordingly, the

2   Court should compel Plaintiff to arbitrate his claims.

3         **E.      Plaintiff's Claims Should Be Dismissed, or At the Least, Stayed**

4         This Court has the power to either stay or dismiss Plaintiff's claim under Section 3 of the

5   FAA.  Under the FAA, "[a] court must stay its proceedings if it is satisfied that an issue before it is

6   arbitrable[.]"  *Shearson/Am. Express*, 482 U.S. at 226.  In applying this provision, the Ninth Circuit

7   has held that "notwithstanding the language of § 3, a district court may either stay the action or

8   dismiss it outright when, as here, the court determines that all of the claims raised in the action are

9   subject to arbitration."  *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir.

10  2014); *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (holding

11  dismissal proper when all claims will be submitted to arbitration); *Atlas Int'l Mktg., LLC*, 2014 WL

12  3371842, at \*6 (holding that "[s]ince all the claims in this action are subject to arbitration, dismissal

13  is appropriate"); *Loewen v. Lyft, Inc.*, 129 F. Supp. 3d 945, 966 (N.D. Cal. 2015) (granting motion

14  to compel and dismissing case because there was no "compelling reason to keep this case on the

15  Court's docket").  Here, there are no issues this Court would have to resolve regarding Plaintiff's

16  claims after the completion of the arbitration process.  The Court should therefore dismiss

17  Plaintiff's claims in their entirety, or, in the alternative, stay Plaintiff's claims.

18  **V.      CONCLUSION**

19        For the foregoing reasons, Coursera respectfully request that the Court enter an order

20  enforcing Plaintiff's agreement to arbitrate and dismissing Plaintiff's claims.

21

22  Dated:    April 26, 2024                    COOLEY LLP

23

24                                             By: */s/ Kyle C. Wong*
                                                  Kyle C. Wong
25
                                               Attorney for Defendant
26                                             Coursera, Inc.

27

28  302137032

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

**COURSERA'S MOTION TO
COMPEL ARBITRATION
CASE NO. 5:23-CV-05646-EJD**