1    COOLEY LLP
     KYLE C. WONG (224021)
2    (kwong@cooley.com)
     DARINA A. SHTRAKHMAN (324109)
3    (dshtrakhman@cooley.com)
     JULIA M. IRWIN (352861)
4    (jirwin@cooley.com)
     3 Embarcadero Center, 20th Floor
5    San Francisco, California 94111-4004
     Telephone:    (415) 693-2000
6    Facsimile:    (415) 693-2222

7    Attorneys for Defendant
     Coursera, Inc.

8

9                        UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11                             SAN JOSE DIVISION

12

13   IMAN GHAZIZADEH, individually and on          Case No. 5:23-cv-05646-EJD
     behalf of all others similarly situated,
14                                                 **DEFENDANT COURSERA, INC.'S REPLY IN
                           Plaintiff,              SUPPORT OF MOTION TO COMPEL
15                                                 ARBITRATION**
            v.
16                                                 Date:      June 6, 2024
     COURSERA, INC.,                               Time:      9:00 a.m.
17                                                 Dept:      4
                           Defendant.              Judge:     Edward J. Davila
18                                                 Trial Date: TBD
                                                   Date Action Filed: November 1, 2023
19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

**PAGE**

I.  INTRODUCTION ............................................................................................................. 1

II.  ARGUMENT ................................................................................................................... 1

    A.  Plaintiff Fails to Establish Either Element to Prove Waiver. ................................. 1

        1.  Plaintiff Does Not Meet Its Burden to Show that Coursera Acted Inconsistently with Its Right to Arbitrate. ................................................. 2

        2.  Plaintiff's Argument that Coursera Had Knowledge of Its Right to Compel Arbitration is Unconvincing. ................................................. 6

    B.  Plaintiff Assented to Coursera's Arbitration Clause. ............................................. 6

        1.  Plaintiff Assented to Coursera's Terms, Including Coursera's Updates, Through Continued Use. ............................................................ 7

            a.  2015 Sign-Up .......................................................................... 7

            b.  Email and Banner Notices ...................................................... 11

        2.  Plaintiff Additionally Assented to Coursera's 2022 Terms When He Enrolled in a Certification Course. ....................................................... 14

    C.  Discovery Is Not Warranted. ................................................................................ 15

III.  CONCLUSION ............................................................................................................... 15

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**TABLE OF AUTHORITIES**

PAGE(S)

**Cases**

*Armstrong v. Michaels Stores, Inc.*,
  59 F.4th 1011 (9th Cir. 2023) .................................................................... 1, 2

*Berman v. Freedom Fin. Network, LLC*,
  30 F.4th 849 (9th Cir. 2022) ....................................................................... *passim*

*Cantu v. Tractor Supply Co.*,
  2024 WL 1601257 (C.D. Cal. Mar. 21, 2024) ........................................... 5

*Carroll v. Chick-fil-A, Inc.*,
  2024 WL 1091193 (N.D. Cal. Feb. 13, 2024) ............................................ 4, 5

*Chien v. Bumble Inc.*,
  641 F. Supp. 3d 913 (S.D. Cal. 2022) ......................................................... 8

*Colores v. Ray Moles Farms, Inc.*,
  2023 WL 2752379 (E.D. Cal. Mar. 31, 2023) ............................................ 3

*ConWest Res., Inc. v. Playtime Novelties, Inc.*,
  2007 WL 1288349 (N.D. Cal. May 1, 2007) .............................................. 5

*Dohrmann v. Intuit, Inc.*,
  823 F. App'x 482 (9th Cir. 2020) ................................................................ 9

*Douglas v. U.S. Dist. Ct.*,
  495 F.3d 1062 (9th Cir. 2023) .................................................................... 12

*In re Facebook Biometric Information Privacy Litig.*,
  185 F. Supp. 3d 1155 (N.D. Cal. 2016) ...................................................... 13

*FBC Mortg., LLC v. Skarg*,
  2023 WL 6933359 (N.D. Cal. Oct. 19, 2023) ............................................ 4

*Fox v. Experian Info. Sols., Inc.*,
  2024 WL 755804 (E.D. Cal. Feb. 23, 2024) .............................................. 2

*In re Google Assistant Priv. Litig.*,
  2024 WL 251407 (N.D. Cal. Jan. 23, 2024) .............................................. 6

*Hansber v. Ulta Beauty Cosmetics, LLC*,
  640 F. Supp. 3d 947 (E.D. Cal. 2022) ........................................................ 3

*Hodsdon v. DirecTV, LLC*,
  2012 WL 5464615 (N.D. Cal. Nov. 8, 2012) ............................................. 15

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

COURSERA'S REPLY ISO MOTION TO
COMPEL ARBITRATION
CASE NO. 5:23-CV-05646-EJD

1

2

**TABLE OF AUTHORITIES**
(continued)

PAGE(S)

3

4

*Jackson v. Amazon, Inc.*,
   65 F.4th 1093 (9th Cir. 2023) ............................................................. 12

5

*Kater v. Churchill Downs Downs Inc.*,
   2018 WL 5734656 (W.D. Wash. Nov. 2, 2018) ........................................ 4

6

7

*Keebaugh v. Warner Bros. Entm't*,
   2024 WL 1819651 (9th Cir. Apr. 26, 2024) ....................................... *passim*

8

9

*Kelly v. Pub. Util. Dist. No. 2 of Grant Cnty.*,
   552 F. App'x 663 (9th Cir. 2014) ......................................................... 5

10

*Knutson v. Sirius XM Radio Inc.*,
   771 F.3d 559 (9th Cir. 2014) ............................................................. 6

11

12

*Lake Commc'ns, Inc. v. ICC Corp.*,
   738 F.2d 1473 (9th Cir. 1984) ............................................................ 3

13

14

*Lee v. DoNotPay, Inc.*,
   683 F. Supp. 3d 1062 (C.D. Cal. 2023) ......................................... 8, 9, 10

15

*Lee v. Intelius Inc.*,
   737 F. 3d 1254 (9th Cir. 2013) .......................................................... 11

16

17

*Leo Middle E. FZE v. Zhang*,
   2022 WL 207663 (N.D. Cal. Jan. 24, 2022) ............................................ 4

18

19

*LG Philips LCD Co., Ltd. v. Tatung Co. of Am.*,
   2005 WL 8157807 (C.D. Cal. Feb. 28, 2005) .......................................... 3

20

*Lopez v. Dave, Inc.*,
   2023 WL 8594393 (9th Cir. Dec. 12, 2023) .......................................... 14

21

22

*Martin v. Yasuda*,
   829 F.3d 1118 (9th Cir. 2016) ........................................................ 3, 4

23

24

*Massel v. SuccessfulMatch.com*,
   2024 WL 802194 (N.D. Cal. Feb. 27, 2024) ......................................... 10

25

*Matera v. Google Inc.*,
   2016 WL 5339806 (N.D. Cal. Sept. 23, 2016) ....................................... 13

26

27

*Meyer v. T-Mobile USA Inc.*,
   836 F. Supp. 2d 994 (N.D. Cal. 2011) ............................................... 15

28

*Meyer v. Uber Techs., Inc.*,
   868 F.3d 66 (2d Cir. 2017) ......................................................... 8, 10

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TABLE OF AUTHORITIES
(continued)

PAGE(S)

*Monster Energy Co. v. Olympic Eagle Distrib. and King Beverage, Inc*,
   2015 WL 12781213 (C.D. Cal. Sept. 29, 2015)......................................................... 15

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983) ........................................................................................................ 2

*Moyer v. Chegg, Inc.*,
   2023 WL 4771181 (N.D. Cal. July 25, 2023)............................................................. 8

*Oberstein v. Live Nation Ent., Inc.*,
   60 F.4th 505 (9th Cir. 2023) ................................................................................*passim*

*Peter v. Doordash, Inc.*,
   445 F. Supp. 3d 580 (N.D. Cal. 2020) ................................................................. 9, 11

*Pizarro v. QuinStreet, Inc.*,
   2022 WL 3357838 (N.D. Cal. Aug. 15, 2022)........................................................ 8, 9

*Pumphrey v. Triad Life Sciences Inc.*,
   2024 WL 69914 (N.D. Miss. Jan. 5, 2024).................................................................. 4

*Quamina v. JustAnswer, LLC*,
   2024 WL 950157 (N.D. Cal. Mar. 5, 2024).............................................................. 12

*Regan v. Pinger, Inc.*,
   2021 WL 706465 (N.D. Cal. Feb. 23, 2021) ....................................................... 11, 14

*Rocha v. Urb. Outfitters, Inc.*,
   2024 WL 393486 (N.D. Cal. Feb. 1, 2024) .............................................................. 10

*Sadlock v. Walt Disney Co.*,
   2023 WL 4869245 (N.D. Cal. July 31, 2023)........................................................... 13

*SanDisk Corp. v. SK Hynix Inc.*,
   84 F. Supp. 3d 1021 (N.D. Cal. 2015) ....................................................................... 5

*Sellers v. JustAnswer LLC*,
   73 Cal. App. 5th 444 (2021) ............................................................................... 14, 15

*Sequoia Benefits & Ins. Servs., LLC v. Costantini*,
   553 F. Supp. 3d 752 (N.D. Cal. 2021) ....................................................................... 4

*Serrano v. Open Rd. Delivery Holdings, Inc.*,
   666 F. Supp. 3d 1089 (C.D. Cal. 2023) ................................................................... 10

*Slaten v. Experian Info. Sols., Inc.*,
   2023 WL 6890757 (C.D. Cal. Sept. 6, 2023)............................................................. 4

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

COURSERA'S REPLY ISO MOTION TO
COMPEL ARBITRATION
CASE NO. 5:23-CV-05646-EJD

TABLE OF AUTHORITIES
(continued)

PAGE(S)

*Stafford v. BAART Behav. Health Servs., Inc.,*
    2015 WL 13764217 (C.D. Cal. July 20, 2015) ........................................................ 3

*Stickles v. Atria Senior Living, Inc.,*
    2023 WL 2062949 (N.D. Cal. Feb. 16, 2023) .......................................................... 5

*Stover v. Experian Holdings, Inc.,*
    978 F.3d 1082 (9th Cir. 2018) ............................................................................... 11

*Sywula v. Teleport Mobility, Inc.,*
    2023 WL 4630620 (S.D. Cal. July 18, 2023) ........................................................... 3

*United Specialty Ins. Co. v. Clean & Sober Media LLC,*
    2021 WL 3623300 (C.D. Cal. Apr. 16, 2021) .......................................................... 2

*Van Ness Townhouses v. Mar Indus. Corp.,*
    862 F.2d 754 (9th Cir. 1988) ................................................................................... 4

*Wheeler v. LG Elecs. USA, Inc.,*
    2024 WL 51353 (E.D. Cal. Jan. 4, 2024) ................................................................ 2

*Yuksel v. Twitter, Inc.,*
    2022 WL 16748612 (N.D. Cal. Nov. 7, 2022) .......................................................... 7

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

v

COURSERA'S REPLY ISO MOTION TO
COMPEL ARBITRATION
CASE NO. 5:23-CV-05646-EJD

## I.   INTRODUCTION

Plaintiff's Opposition to Coursera's Motion to Compel Arbitration does nothing to rebut the fact that Plaintiff agreed to arbitrate his dispute.  Plaintiff does not deny that when he created his Coursera account, he was required to click a "Sign Up" button that appeared directly over the statement "By creating an account, I accept Coursera's Terms of Service and Honor Code."  Nor does he meaningfully contest that Coursera's Terms contain a clause that binds users to updated Terms when Coursera provides notice of the update and the user continues to access the platform.  Likewise, he does not dispute that Coursera sent him at least three such notices and presented him with a similar banner notice on the Coursera home page for multiple months.

Faced with this mountain of evidence showing assent and inquiry notice, Plaintiff instead seeks to wiggle his way out of his agreement to arbitrate by making two meritless arguments.  First, he claims that Coursera waived its right to arbitrate because the company filed a motion to dismiss on the merits and took too long to compel arbitration.  Not so.  Plaintiff's arguments ignore a number of critical facts and case law, including that the Ninth Circuit has never found waiver where the defendant, as here, has merely filed a motion to dismiss.  In all the cases where waiver was found, the defendants had done far more than just file a Rule 12 motion—they had, *inter alia*, served and taken discovery, filed motions for summary judgment, and heavily and actively litigated the merits of the case, often for years.  Coursera has done none of these things and sought to compel arbitration after a careful factual investigation.

Second, Plaintiff makes a litany of nitpicking arguments in a futile attempt to undermine the clear notice he received of the Arbitration Agreement.  For instance, the Opposition claims that he did not assent to arbitration because the notices he saw were deficient as to font size, button color, hyperlink formatting, and placement of the notice language.  But, as even a cursory review reveals, all the notices he received were uncluttered, clear, and conspicuous regarding the user's acceptance of Coursera's Terms.  He cannot now evade his agreement to arbitrate.

## II.   ARGUMENT

### A.   Plaintiff Fails to Establish Either Element Required to Prove Waiver.

As the party opposing arbitration, Plaintiff bears the burden of showing waiver.  *Armstrong*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

COURSERA'S REPLY ISO MOTION TO
COMPEL ARBITRATION
CASE NO. 5:23-CV-05646-EJD

*v. Michaels Stores, Inc.*, 59 F.4th 1011, 1014 (9th Cir. 2023).  To avoid enforcement of his agreement to arbitrate, Plaintiff must demonstrate: (1) "intentional acts inconsistent with [an] existing right" to compel arbitration and (2) "knowledge of [that] existing right."  *Id.* at 1015.  The FAA establishes a federal policy that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is . . . waiver, delay, or a like defense to arbitrability."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).  As described below, since Plaintiff has failed to carry his burden as to both prongs, this Court should reject the waiver argument and enforce the parties' agreement to arbitrate.

### 1. Plaintiff Does Not Meet Its Burden to Show that Coursera Acted Inconsistently with Its Right to Arbitrate.

In determining whether Plaintiff has established that Coursera acted inconsistently with its right to arbitration, the court must consider whether "the totality of the parties' actions," *Armstrong*, 59 F.4th at 1015, presents "a clear narrative of . . . strategic choice to engage the judiciary for resolution of the [] claims."  *Fox v. Experian Info. Sols., Inc.*, 2024 WL 755804, at *4-*5 (E.D. Cal. Feb. 23, 2024).  Plaintiff raises four arguments to try to meet this standard here, but all are meritless.

***First,*** Plaintiff leans heavily on the fact that Coursera filed a single motion to dismiss, but "the Ninth Circuit has ***never*** held that a single motion to dismiss on the merits conclusively demonstrates acts inconsistent with the right to compel arbitration."  *United Specialty Ins. Co. v. Clean & Sober Media LLC*, 2021 WL 3623300, at *4 (C.D. Cal. Apr. 16, 2021) (finding no waiver after defendant filed a motion to dismiss on the merits before seeking to compel arbitration) (emphasis added); *see Wheeler v. LG Elecs. USA, Inc.*, 2024 WL 51353, at *5 (E.D. Cal. Jan. 4, 2024) (finding a motion to dismiss is, "without more . . . not enough to constitute waiver of the right to compel arbitration").  This should end the Court's inquiry.

"The Ninth Circuit has indicated that . . . the filing of substantive motions weighs in favor of a finding of waiver" ***only*** "in combination with" other factors, such as "litigating in federal court for ***well over*** a year."  *Fox*, 2024 WL 755804, at *4 (emphasis added); *United Specialty Ins. Co.*, 2021 WL 3623300, at *4 ("[T]he Ninth Circuit has found waiver where a motion to dismiss was coupled with prolonged delays ranging from nine to eighteen months and significant additional

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

COURSERA'S REPLY ISO MOTION TO
COMPEL ARBITRATION
CASE NO. 5:23-CV-05646-EJD

litigation activity."). Indeed, courts commonly consider motions to dismiss alongside motions to compel arbitration without finding waiver. *See, e.g.*, *LG Philips LCD Co., Ltd. v. Tatung Co. of Am.*, 2005 WL 8157807, at *2 (C.D. Cal. Feb. 28, 2005) (collecting cases); *see also Stafford v. BAART Behav. Health Servs., Inc.*, 2015 WL 13764217, at *2 (C.D. Cal. July 20, 2015).

Critically, Plaintiff also ignores that Coursera's first basis for dismissal in its Motion to Dismiss is the threshold jurisdictional issue that Plaintiff lacks Article III standing, which does not go to the merits of Plaintiff's case, *see* Dkt. 20 at 6-8. The Ninth Circuit has consistently held that seeking dismissal on such grounds is *not* evidence of waiver. *See, e.g.*, *Lake Commc'ns, Inc. v. ICC Corp.*, 738 F.2d 1473, 1477 (9th Cir. 1984) (finding no waiver after a motion to dismiss on jurisdictional grounds). Additionally, because Rule 12(g) requires that Coursera make both jurisdictional and merits-based motions together or waive defenses not asserted, Plaintiff's proposed interpretation would have required Coursera to risk waiving Rule 12 defenses while it undertook the factual investigation necessary for a motion to compel arbitration.

Further, courts recognize that seeking dismissal evidences a "purpose . . . to 'avoid or frustrate the litigation rather than a strategic decision to actively litigate.'" *Colores v. Ray Moles Farms, Inc.*, 2023 WL 2752379, at *4 (E.D. Cal. Mar. 31, 2023) (finding no waiver despite defendant's answer, counterclaim, and motion for judgment on the pleadings or partial summary judgment arguing for dismissal for failure to state a claim); *see also Hansber v. Ulta Beauty Cosmetics, LLC*, 640 F. Supp. 3d 947, 956 (E.D. Cal. 2022) (finding defendant's removal, filing several motions, and engaging in discovery "reflected only a 'determination to avoid or frustrate the litigation'"); *Sywula v. Teleport Mobility, Inc.*, 2023 WL 4630620, at *10 (S.D. Cal. July 18, 2023) (finding a motion to transfer venue, three motions to dismiss, and discovery requests merely "exhibited a determination to avoid litigation").

Each of Plaintiff's cited cases purporting to show otherwise are distinguishable, finding waiver on facts **far** more demonstrative of intentional engagement of the judiciary than are present here. *See* Opp. at 6. Plaintiff's heavy reliance on *Martin v. Yasuda* is misplaced—that case merely suggests that "seeking a decision on the merits of an issue **may** satisfy this element." 829 F.3d 1118, 1125 (9th Cir. 2016) (emphasis added). Moreover, in *Martin*, not only had the court **already**

Cooley LLP
Attorneys at Law
San Francisco

COURSERA'S REPLY ISO MOTION TO
COMPEL ARBITRATION
Case No. 5:23-cv-05646-EJD

***denied the motion to dismiss*** on the merits, but litigation activity had extended far beyond it: Before moving to compel arbitration, the *Martin* defendants litigated for ***seventeen months***, "devoting considerable time and effort" to a joint stipulation structuring the litigation, answering discovery, and preparing for and conducting a deposition. *Id.* at 1126 (emphasis added). Plaintiff's other cases are likewise highly distinguishable. *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 756 (9th Cir. 1988) (court noted over ***two years*** of delay, during which the defendant filed pleadings and motions, and parties submitted a pre-trial conference order); *Leo Middle E. FZE v. Zhang*, 2022 WL 207663, at *5 (N.D. Cal. Jan. 24, 2022) (***plaintiffs*** engaged in discovery after their motion to dismiss crossclaims on the merits was heard and denied); *Sequoia Benefits & Ins. Servs., LLC v. Costantini*, 553 F. Supp. 3d 752, 755-56 (N.D. Cal. 2021) (noting a "flurry of activity" including the defendants filing an answer, a motion to dismiss being denied, and amended counterclaims and a joint case management statement being filed); *Slaten v. Experian Info. Sols., Inc.*, 2023 WL 6890757, at *4-*5 (C.D. Cal. Sept. 6, 2023) (substantial discovery had taken place); *FBC Mortg., LLC v. Skarg*, 2023 WL 6933359, at *1 (N.D. Cal. Oct. 19, 2023) (extensive production and defendant's motion to dismiss was heard and denied); *Kater v. Churchill Downs Downs Inc.*, 2018 WL 5734656, at *4 (W.D. Wash. Nov. 2, 2018) (defendant successfully moved to dismiss, unsuccessfully defended a Ninth Circuit appeal, and petitioned for rehearing *en banc* before moving to compel ***three years later***). By contrast, here, there has been no discovery, initial disclosures have not been exchanged, no trial date has been set, no dispositive motion has been decided, and there otherwise has been no protracted litigation.[1]

***Second***, Plaintiff speculates that the strength of his Opposition to Coursera's Motion to Dismiss has caused Coursera to change horses mid-stream and seek an alternative forum. Opp. at 7. Plaintiff offers no facts to support this conjecture (which is wrong); courts continue to dismiss claims like Plaintiff's on jurisdiction and merits grounds. *See, e.g.*, *Carroll v. Chick-fil-A, Inc.*,

---

[1] Plaintiff's sole cite that is in any sense procedurally comparable to the case at hand is a Mississippi decision, *Pumphrey v. Triad Life Sciences Inc.*, 2024 WL 69914 (N.D. Miss. Jan. 5, 2024), which is governed by the far more stringent Fifth Circuit standard, rather than Ninth Circuit precedent.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

COURSERA'S REPLY ISO MOTION TO
COMPEL ARBITRATION
CASE NO. 5:23-CV-05646-EJD

2024 WL 1091193, at *2 (N.D. Cal. Feb. 13, 2024); *Cantu v. Tractor Supply Co.,* 2024 WL 1601257, at *3 (C.D. Cal. Mar. 21, 2024).  The decision to arbitrate was not based in any way on Plaintiff's Opposition but rather Coursera's understanding of its right to arbitrate following internal investigations.  Moreover, Plaintiff's cited authorities are inapposite.  Three involve parties seeking to compel arbitration after adverse preliminary injunction rulings revealed unfavorable prospects for success on the merits.  *SanDisk Corp. v. SK Hynix Inc.*, 84 F. Supp. 3d 1021, 1026 (N.D. Cal. 2015); *ConWest Res., Inc. v. Playtime Novelties, Inc.*, 2007 WL 1288349, at *5 (N.D. Cal. May 1, 2007); *Kelly v. Pub. Util. Dist. No. 2 of Grant Cnty.*, 552 F. App'x 663, 664 (9th Cir. 2014).  In the fourth, the defendants had already lost on a motion for summary judgment.  *Stickles v. Atria Senior Living, Inc.*, 2023 WL 2062949, at *2 (N.D. Cal. Feb. 16, 2023).  Even assuming *arguendo* that Plaintiff's motion to dismiss opposition brief is as compelling as he believes (it is not), Plaintiff offers no case law supporting a compelling opposition as grounds for waiver.

**Third**, Plaintiff cites no authority to support his contention that **any** of the communications between Coursera and Plaintiff's counsel evidence an intent to litigate.  Opp. at 8.  Indeed, postponement of discovery procedures—which Plaintiff "agree[d] . . . ma[de] sense[,]" *see* Hilligoss Decl. Ex. 2—and openness to discussions of early resolution suggests that Coursera has *avoided* invocation of merits litigation.  And Coursera's request to continue the Motion to Dismiss hearing due to a serious family medical issue can hardly be framed as an effort to move forward with litigation, nor can its request for a one-week extension on its response to the Complaint— which would otherwise have come due days after the close of the holiday season.  *See id.* Ex. 1.

**Finally**, Plaintiff's assertion that Coursera has not withdrawn its pending Motion to Dismiss, Opp. at 8, ignores that Coursera has asked to have both motions heard together for expediency and to conserve judicial resources—and should this Court deny Coursera's Motion to Compel, the unnecessary re-filing of Coursera's Motion to Dismiss would hardly promote efficiency.  Moreover, Plaintiff's contention that "Coursera hasn't even asked the Court to decide the arbitration motion *before* the motion to dismiss" is plainly false.  *Id.*; *see* Def.'s Admin. Mot. to Continue Hearing, Dkt. 36 at 2 (characterizing its Motion to Compel as presenting a "threshold issue" whose "resolution could obviate the need for this Court to rule on the Motion to Dismiss").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

COURSERA'S REPLY ISO MOTION TO
COMPEL ARBITRATION
CASE NO. 5:23-CV-05646-EJD

Cooley LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.      **Plaintiff's Argument that Coursera Had Knowledge of Its Right to Compel Arbitration is Unconvincing.**

Plaintiff's cursory argument that Coursera had knowledge of its right to compel arbitration relies on a single inapposite case.  Opp. at 5.  There, the court concluded that the defendant must have known of its right to arbitrate given longstanding consistency in its arbitration clause; further, there was no suggestion in that case of factual uncertainty that Google needed time to resolve.  *See In re Google Assistant Priv. Litig.*, 2024 WL 251407, at *4 (N.D. Cal. Jan. 23, 2024).  By contrast— as Plaintiff himself points out—Coursera's arbitration provisions have undergone multiple updates over the years.  Opp. at 5.  Plaintiff does not challenge that there was need for factual clarification between the allegations in his Complaint and Coursera's records regarding key dates in this matter, including Plaintiff's account creation date and which Terms (and arbitration provision) Plaintiff agreed to.  *Compare* Compl. ¶ 38 (alleging that Plaintiff created a Coursera account "in or around 2017") *with* Opp. at 5 ("Coursera claims that . . . in 2015, [] Plaintiff created a Coursera account.").  Thus, far from suggesting Coursera's immediate knowledge of its right to arbitrate, Plaintiff's argument instead highlights the factual uncertainty *his Complaint* created, strongly suggesting the reason why Coursera's internal investigation as to arbitrability could not have happened overnight.

B.      **Plaintiff Assented to Coursera's Arbitration Clause.**

Plaintiff argues that Coursera's Motion should be denied because Coursera has not established that Plaintiff agreed to arbitrate.  Opp. at 9-10.  While Coursera bears the burden of establishing the existence of an agreement to arbitrate, *see* Opp. at 10, Coursera need only prove that such an agreement exists by a "preponderance of the evidence."  *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014).  As set forth below, Coursera has provided detailed evidence of assent, and Plaintiff's Opposition fails to refute that evidence (or in fact adduce any contrary facts).[2]  Accordingly, the Court should thus find that Plaintiff agreed to arbitrate his claims.

---

[2] Despite its heading on delegation, *see* Opp. at 8, Plaintiff has not addressed Coursera's delegation arguments, *see* Mot. at 11-16.  To the extent Plaintiff argues that the Court must determine whether the parties have an enforceable arbitration agreement, as described here, the parties have a binding

1.      **Plaintiff Assented to Coursera's Terms, Including Coursera's Updates, Through Continued Use.**

The parties agree that California law governs the question of contract formation here, *see* Opp. at 10 n.2, and to form a contract, "there must be actual or constructive notice of the agreement and the parties must manifest mutual assent." *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 512-13 (9th Cir. 2023) (citing *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 855 (9th Cir. 2022)). Online agreements fall on a spectrum ranging from "clickwrap" to "browsewrap." *See Oberstein*, 60 F.4th at 513 (quoting *Berman*, 30 F.4th at 856). "When an online agreement falls between these two extremes, courts analyze mutual assent under an objective-reasonableness standard." *Id.* While Plaintiff claims that the at-issue Coursera pages are closer to browsewrap, *see* Opp. at 11, in fact they are akin to a hybrid called a "sign in wrap" that courts routinely enforce, and as described below, Coursera has readily met its burden to show Plaintiff agreed to arbitrate.

a.      **2015 Sign-Up**

According to Plaintiff, Coursera lacks sufficient evidence to show that he agreed to the 2015 TOU, which contained a "continuing use" clause, and thus he is not bound by later TOU updates. Opp. at 11. For numerous reasons, his attempts to dodge his assent in his Opposition fall flat.

***First,*** Plaintiff argues that because Coursera did not attach the 2015 TOU to its Motion to Compel, it has not adequately established contract formation. Opp. at 12. But Plaintiff cites no case law in support of his argument, nor does he dispute the account creation process and relevant contractual provision from the 2015 TOU introduced by the Furniturewala Declaration.[3]

---

arbitration agreement which this Court should enforce.

[3] Whether the 2015 TOU contained an arbitration clause does not matter here. The relevant Arbitration Agreement did not come into effect until 2020. Thus, while the 2015 TOU did contain an arbitration provision, for purposes of Coursera's Motion, the relevant portion of the 2015 TOU is the continuing use language. Should the Court to wish to view the 2015 TOU, it is attached here as Furniturewala Supp. Decl. Ex. K and is judicially noticeable. *See, e.g.*, *Yuksel v. Twitter, Inc.*,

Cooley LLP
Attorneys at Law
San Francisco

7

COURSERA'S REPLY ISO MOTION TO
COMPEL ARBITRATION
CASE NO. 5:23-CV-05646-EJD

***Second***, Plaintiff argues that Coursera's 2015 sign-up screen did not provide him with reasonably conspicuous notice.  Not so.  In a "sign-in wrap," "users are notified of the existence of the website's terms of use and advises a user that by making some type of affirmative act, often by clicking a button, she is agreeing to the terms of service."  *Moyer v. Chegg, Inc.*, 2023 WL 4771181, at \*4 (N.D. Cal. July 25, 2023).  Courts have found these types of agreements valid "where the existence of the terms was reasonably communicated to the user."  *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 75-76 (2d Cir. 2017) (applying California law and collecting cases).  To be reasonably conspicuous, notice "must be displayed in a font size and format such that the court can fairly assume that a reasonably prudent Internet user would have seen it."  *Oberstein*, 60 F.4th at 515 (quoting *Berman*, 30 F.4th at 856).  If there is a hyperlink, "the fact that a hyperlink is present must be readily apparent[.]"  *Berman*, 30 F.4th at 857.  Furniturewala Declaration Ex. A shows precisely this:  a clear, single statement regarding acceptance of Terms, which are bolded and hyperlinked.

Plaintiff's nitpicking does not alter this conclusion.  For instance, he argues that the hyperlink in the 2015 sign-up flow provided insufficient notice because it did not use blue font or all capital letters, Opp. at 12, but courts have enforced arbitration agreements where the hyperlink was conspicuous even without blue font or capitalization.  *See, e.g.*, *Pizarro v. QuinStreet, Inc.*, 2022 WL 3357838, at \*3 (N.D. Cal. Aug. 15, 2022) (holding that "the instant hyperlink, although the same [grey] color as the rest of the textual notice" was sufficient to satisfy *Berman* because it was "underlined and adequately contrasted with the white background"); *Chien v. Bumble Inc.*, 641 F. Supp. 3d 913, 935 (S.D. Cal. 2022) (finding grey, underlined hyperlink sufficient).

Likewise, Plaintiff takes issue with what he calls the "small gray font against a slightly lighter gray background" of the text disclosing the agreement to the 2015 TOU.  Opp. at 12.  But, last month, the Ninth Circuit reversed and remanded the denial of a motion to compel based on a "sign-in wrap" similar to Coursera's, noting that "[t]he design elements use 'a contrasting font color' making the notice legible on the dark background."  *See Keebaugh v. Warner Bros. Entm't*,

---

2022 WL 16748612, at \*3 (N.D. Cal. Nov. 7, 2022) (taking judicial notice of "archived webpages obtained from the Internet Archive's Wayback Machine" and collecting cases).

Cooley LLP
Attorneys at Law
San Francisco

8

Coursera's Reply ISO Motion to
Compel Arbitration
Case No. 5:23-cv-05646-EJD

2024 WL 1819651, at \*10 (9th Cir. Apr. 26, 2024).  Here, that same color contrast makes the notice conspicuously clear, *see* Furniturewala Decl. Ex. A.  In *Lee v. DoNotPay, Inc.*, 683 F. Supp. 3d 1062, 1070, 1073-74 (C.D. Cal. 2023), the plaintiff took issue with the "small, transparent gray font" of the textual notice, and the court rejected this argument after analyzing several sign-up flows with grey font that other courts had deemed sufficient for inquiry notice.  *See also Pizarro*, 2022 WL 3357838, at \*3 (approving of grey font on a white background where "the general design of the webpage, which is comprised of only two data fields", was "uncluttered" and had a "muted" color scheme); *Peter v. Doordash, Inc.*, 445 F. Supp. 3d 580, 586 (N.D. Cal. 2020) (rejecting plaintiff's argument that the "gray-on-gray" font was inconspicuous).  Nor is the presence of a brightly colored "Sign Up" button a bar to finding conspicuous notice.  *See* Opp. at 13.  In *Pizarro*, 2022 WL 3357838, at \*3, the sign-up flow featured a bright orange button, followed by a grey block of text much longer than the clear, single statement in Coursera's 2015 sign-up flow, and this did not preclude the court from finding that the defendant's notice was conspicuous "when viewed in the context of the overall design and content of the webpage[.]'"  *See also Lee*, 683 F. Supp. at 1067, 1070 (same regarding magenta button).

Equally meritless is Plaintiff's complaint that "the sign-up page here is worse than the webpage in *Berman*" because "the hyperlink to the TOU here is below the 'Sign Up' button."  Opp. at 13.  The Ninth Circuit, however, has repeatedly enforced terms where the hyperlink was immediately below the button.  *See Keebaugh*, 2024 WL 1819651, at \*10 (finding notice to be conspicuous where "***[d]irectly beneath*** the operative Play button" was the notice language (emphasis added)); *Oberstein*, 60 F.4th at 517 (finding notice language conspicuous where "notices were not buried on the bottom of the webpage or placed outside the action box, but rather were located directly on top of or below each action button"); *Dohrmann v. Intuit, Inc.*, 823 F. App'x 482, 484 (9th Cir. 2020) (finding contract was formed where terms-of-use hyperlink was "located directly below the sign-in button").  Moreover, as in *Peter*, 445 F. Supp. 3d at 586, the conspicuousness of the notice is paramount; there, the court found the plaintiffs on inquiry notice where the call to action and TOU hyperlink were "uncluttered and wholly visible."  Here, too, the 2015 sign-up flow was wholly uncluttered, the call-to-action language was not buried, and in fact,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

COURSERA'S REPLY ISO MOTION TO
COMPEL ARBITRATION
CASE NO. 5:23-CV-05646-EJD

1    was immediately proximate to the sign-up button.[4]  *See* Furniturewala Decl. ¶ 7.

2         **Third,** Plaintiff argues that the 2015 sign-up flow did not include a checkbox requiring a

3    user "to unambiguously manifest his assent[.]"  Opp. at 14.  But Ninth Circuit courts have never

4    required a checkbox for enforceability and frequently enforce hybrid agreements without one.  *See,*

5    *e.g.*, *Keebaugh*, 2024 WL 1819651, at *5, *10 (finding defendant provided reasonable notice where

6    it "require[d] individual users to press a 'Play' button" but did "not require users to . . . confirm

7    their assent prior to accessing the game"); *Oberstein*, 60 F.4th at 515, 517 (noting that "guided by

8    the principles set forth by this court and other courts across this country[,]" the hybrid sign-up flow

9    at issue there—which did not "request that users click on a box to confirm agreement before

10   proceeding"—"provided reasonably conspicuous notice of the Terms to which Ticket Purchasers

11   unambiguously manifested assent").  Indeed, if a checkbox were strictly required, there would be

12   no need for a hybrid category—all "sign-in wraps" would be struck down as unenforceable.

13        **Fourth**, Plaintiff claims he could not have assented to the 2015 TOU because Coursera's

14   button said "Sign Up" while the text below it said "By creating an account, I accept Coursera's

15   Terms of Service and Honor Code."  Opp. at 14.  But a perfect match in language is not required.

16   In *Meyer v. Uber*, the Second Circuit, applying California law, explained that despite a mismatch

17   in language, the notice in the registration flow and the proximity of that language to the register

18   button made "clear to the user that the linked terms pertain to the action the user is about to take."

19   868 F.3d at 80.  California district courts have followed *Meyer*'s reasoning to find unambiguously

20   _____

21   [4] Plaintiff's additional citations on the "absence of reasonably conspicuous notice" do not follow

22   *Berman*'s mandate that a "web designer must do more than simply underscore the hyperlinked

23   text[,]" 30 F.4th at 857, because they simply underline the terms in light grey.  *See* Opp. at 13-14

24   (citing *Massel v. SuccessfulMatch.com*, 2024 WL 802194, at *5 (N.D. Cal. Feb. 27, 2024); *Serrano*

25   *v. Open Rd. Delivery Holdings, Inc.*, 666 F. Supp. 3d 1089, 1093 (C.D. Cal. 2023); *Rocha v. Urb.*

26   *Outfitters, Inc.*, 2024 WL 393486, at *4 (N.D. Cal. Feb. 1, 2024)).  Coursera's sign-up flow, by

27   contrast, clearly offset the links in boldface type that, in the context of the uncluttered interface, is

28   far more conspicuous than the cited examples.

Cooley LLP
Attorneys at Law
San Francisco

10

Coursera's Reply ISO Motion to
Compel Arbitration
Case No. 5:23-cv-05646-EJD

manifested assent to terms despite language discrepancy from the proximate notice.  *See, e.g.*, *Lee*, 683 F. Supp. 3d at 1074-76 (rejecting plaintiff's contention that the mismatch in language between "Continue" and "By signing up or signing in, you are agreeing to DoNotPay's Terms" invalidated assent to the terms); *Regan v. Pinger, Inc.*, 2021 WL 706465, at *8 (N.D. Cal. Feb. 23, 2021) (finding mutual assent where disclaimer read "By registering" and button read "Create Account"); *Peter*, 445 F. Supp. 3d at 586 (finding assent where the disclaimer read "by creating an Uber account . . . " and button read "Register"); *see also Keebaugh*, 2024 WL 1819651, at *10 n.6 (rejecting plaintiff's assent argument where the sign-in screen contained a "typographical error").

Here, the sign-up flow is short and streamlined:  there can be no confusion as to the page's purpose (to create an account) and that the "Sign Up" button is the way to achieve that.  "Given the prevalence of Terms of Use . . . in modern society and the frequency they are presented to users," *Keebaugh*, 2024 WL 1819651, at *10 n.6, and Coursera's call to action language, it was clear to any reasonable user that the "By creating an account" language referred to the action of pressing the "Sign Up" button.  *See* Furniturewala Decl. Ex. A.[5]

### b.       Email and Banner Notices

Plaintiff next argues that Coursera's repeated notifications to learners of updates to its TOU—through emails and website banners—were insufficient to provide inquiry notice to Plaintiff that he was bound to the updated Terms, which included an arbitration provision.[6]  Not so.

On the first *Berman* factor, reasonably conspicuous notice, Plaintiff misreads Ninth Circuit precedent.  Opp. at 15-16.  In *Stover v. Experian Holdings, Inc.*, 978 F.3d 1082, 1085 (9th Cir.

---

[5] Plaintiff cites to *Lee v. Intelius Inc.*, 737 F. 3d 1254 (9th Cir. 2013) (*see* Opp. at 14), but the sign-up flow there was much more convoluted.  As the Ninth Circuit observed, "Even an exceptionally careful consumer would not have understood that a purchaser of the Family Safety Report, by clicking the orange button, was agreeing to anything more than the 'Offer Details[,]'" *id.* at 1262—a far cry from the clear, conspicuous call to action and button in Coursera's 2015 sign-up flow.

[6] To the extent Plaintiff argues that the emails and banners were "not contract formation points," *see* Opp. at 15, this is irrelevant because as established, Plaintiff assented to the 2015 TOU.

Cooley LLP
Attorneys at Law
San Francisco

11

Coursera's Reply ISO Motion to
Compel Arbitration
Case No. 5:23-cv-05646-EJD

2018), the plaintiff assented to the 2014 Terms and then cancelled her Experian subscription and did not visit the website again until four years later.  Experian moved to compel arbitration, seeking to bind her to its 2018 Terms (with a revised arbitration provision) based on the "continued use" language in the 2014 Terms—even though the plaintiff had not continued using the platform and there was no evidence that Experian sent her notice of the updated Terms.  The Court held that in order for TOU changes "to be binding pursuant to a change-of-terms provision in the original contract, both parties . . . must have notice of the change in contract terms."  *Id.* at 1087.  Relatedly, in *Douglas v. U.S. Dist. Ct.*, 495 F.3d 1062, 1066 (9th Cir. 2023), AOL changed its terms without notifying the plaintiff, and in ruling on this practice, the Court merely held that parties "have no obligation to check the terms on a periodic basis" for updates.  But Coursera does not suggest that Plaintiff is bound to updated Terms absent any notice, nor did it argue that Plaintiff should have checked the TOU for updates of his own volition.  Quite the contrary:  Coursera produced evidence that it ***directly informed*** Plaintiff of changes ***on multiple occasions***, including through the 2021 Notice Email which clearly and prominently stated that the change included "[u]pdated arbitration language."  *See* Furniturewala Decl. ¶¶ 11-15; *see also id.* Exs. E-G.

Plaintiff also points to *Jackson v. Amazon, Inc.*, 65 F.4th 1093 (9th Cir. 2023), to argue that email notification of updates is insufficient.  But *Jackson* does not hold that email notification can never suffice.[7]  Instead, the Court observed that Amazon's declaration that it "notified drivers via email of the 2019 TOS" was insufficient, including because "Amazon did not provide the court with a copy or description of any such notice . . . [n]or did Amazon make any showing that Jackson received such notice."  *Id.* at 1099.  The Ninth Circuit therefore affirmed the district court's holding that "Amazon failed to meet its burden to demonstrate mutual assent to the 2019 TOS."  *Id.*  Here,

---

[7] Nor does *Quamina v. JustAnswer, LLC*, 2024 WL 950157, at *2, *7 (N.D. Cal. Mar. 5, 2024), so hold.  In that case, the defendant attempted to rely on a "welcome" email plaintiffs received after sign-up, which discussed membership renewal and linked to the applicable terms.  The court's rejection of that membership email as a basis for notice has no relevance to the analysis here of the emails that Coursera sent specifically to inform users of TOU updates.

Cooley LLP
Attorneys at Law
San Francisco

12

Coursera's Reply ISO Motion to
Compel Arbitration
Case No. 5:23-cv-05646-EJD

by contrast, Coursera attached all three email notices for the Court to review, and its declaration further stated its internal records show the three emails were delivered to Plaintiff's email address on record on December 18, 2020, December 18, 2021, and December 18, 2022, respectively. *See* Furniturewala Decl. ¶¶ 11, 14. To the extent Plaintiff suggests Coursera must prove the emails were opened, Opp. at 15-16, it has not cited any authority to support this proposition, and making that the test would allow users to evade TOU updates despite agreeing to be bound by continuing use simply by deleting notice emails. Tellingly, Plaintiff has not submitted a rebuttal affidavit saying he never received Coursera's notice emails.

On the second *Berman* factor, Plaintiff argues that the email notices were insufficient because they did not require learners to take an affirmative action, nor did they explicitly inform learners that continued use will act as a manifestation of consent. Opp. at 16-17. Plaintiff conveniently sidesteps that he affirmatively consented to the 2015 TOU, which contained a clear and prominent "continuing use" provision, Furniturewala Decl. ¶ 8; that the 2021 Notice Email conspicuously advised him of "[u]pdated arbitration language" in Coursera's TOU, linked to those updated TOU, and "encourage[d]" him to review them, *see id.* ¶ 13; and following that update, he continued to use Coursera until at least 2023, *see id.* ¶ 10. *See Matera v. Google Inc.*, 2016 WL 5339806, at *17 (N.D. Cal. Sept. 23, 2016) (terms stating that users who did not agree to posted modifications "should discontinue [] use" bound continuing users to updated terms upon posting); *Sadlock v. Walt Disney Co.*, 2023 WL 4869245, at *12 (N.D. Cal. July 31, 2023) (agreeing with other courts that "emails followed by continued use is sufficient to establish assent").

Plaintiff also takes issue with Coursera's banner notices, arguing that the text and links were insufficiently prominent and did not require manifestation of assent or reference continued use as assent. In *In re Facebook Biometric Information Privacy Litigation*, 185 F. Supp. 3d 1155, 1162-64 (N.D. Cal. 2016), the plaintiffs registered to use Facebook and agreed to its terms between 2005 and 2009. In 2015, Facebook revised the terms, and in doing so, "emailed all users with registered email addresses" and also provided "jewel notifications" about the update, which "persisted a number of times in case [the user] didn't visit." *Id.* at 1164. When the plaintiffs sued Facebook and Facebook moved to compel arbitration based on the 2015 terms, the Court held that "Facebook

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

COURSERA'S REPLY ISO MOTION TO
COMPEL ARBITRATION
CASE NO. 5:23-CV-05646-EJD

has shown by a preponderance of the evidence that all three plaintiffs agreed to the current user agreement," noting that the "individualized notice" via email and jewel notification, "in combination with a user's continued use is enough for notice and assent."  Likewise, here, in addition to providing email notice, Coursera alerted learners via a prominent blue banner at the top of the homepage—posted for months—that its TOU had been updated.  Furniturewala Decl. ¶¶ 15-16.  Taken together, the three emails and three banner notices provided repeated, clear, and conspicuous updates to Plaintiff of the updated Coursera TOU.

### 2. Plaintiff Additionally Assented to Coursera's 2022 Terms When He Enrolled in a Certification Course

Plaintiff makes many of the same unavailing arguments to challenge his second, independent method of assenting to Coursera's TOU: his October 2022 enrollment in a Coursera certification, for which the checkout flow required him to assent to conspicuous text stating he agreed to Coursera's TOU.  *See* Mot. at 7-8 (citing Furniturewala Decl. ¶ 17); *see also* Opp. at 19-20.  As previously addressed, *see* Section II.B.1.a, *supra*, Plaintiff's arguments about the gray font, the brightly colored "Pay Now" button, the location of the text, and the hyperlink formatting all lack force here.  While the notice language did not include explicit language on mandatory arbitration, nor do many of the sign up/checkout flows that courts have enforced.  *Berman*, 30 F.4th at 861, looked favorably upon the inclusion of that language (as did *Lopez v. Dave, Inc.*, 2023 WL 8594393, at *1 (9th Cir. Dec. 12, 2023), which Plaintiff cites, *see* Opp. at 20), but neither held such language is required.  Similarly, Plaintiff again takes issue with Coursera's checkout button saying "Pay Now" without an explicit statement that this creates TOU assent, but courts have found unambiguous manifestations of assent even where the language between the button and the notice is not an exact match.  *See* Section II.B.1.a, *supra* (collecting cases); *see also Reagan*, 2021 WL 706465, at *8 (finding "disclosure alerting Plaintiff that 'By registering, I agree to Sideline's Terms and Conditions,' located immediately above the 'Create Account' button, was sufficient notice").

Moreover, courts have evaluated not only the visual notice aspects but also "the context of the transaction[.]"  *See Oberstein*, 60 F.4th at 516 (distinguishing between "a user who signs up for an account and 'clearly contemplate[s] some sort of continuing relationship,'" and users who "were merely attempting to start a free trial, making it less likely that they would 'scrutin[ize] the page

1   for small text outside the payment box" (quoting *Sellers v. JustAnswer LLC*, 73 Cal. App. 5th 444,

2   480 (2021)); *see also Keebaugh*, 2024 1819651, at \*10 (noting forward-looking nature of the

3   parties' relationship and that "users would understand that their use of an app that allows for in-app

4   purchases would be governed by some terms of use"). Here, years after he first became a Coursera

5   learner, Plaintiff purchased a certification with several multi-hour modules, thereby contemplating

6   a "continuing relationship" with Coursera, *see Oberstein*, 60 F.4th at 516, which he should have

7   understood "would be governed by some terms of use," *Keebaugh*, 2024 WL 1819651, at \*10.

8          Ultimately, on at least two occasions (2015 and 2022), Coursera "presented [its] Terms so

9   as to be reasonably conspicuous to the average user[,]" *Oberstein*, 60 F.4th at 516, and further

10   bolstered that conspicuous notice through notice emails and banners. Plaintiff assented through his

11   account creation and continued use to those Terms. Accordingly, the Court should enforce the

12   parties' agreement and compel arbitration.

13          **C.      Discovery Is Not Warranted.**

14          This Court should reject Plaintiff's request for arbitration-related discovery. *See* Opp. at

15   21. As described *supra*, Coursera has met its burden to establish contract formation, and discovery

16   is therefore unnecessary. *See Monster Energy Co. v. Olympic Eagle Distrib. and King Beverage,*

17   *Inc,* 2015 WL 12781213, at \*7 (C.D. Cal. Sept. 29, 2015). Moreover, Plaintiff's requested

18   discovery would provide no new information useful to this Court in analyzing formation. *See*

19   *Hodsdon v. DirecTV, LLC*, 2012 WL 5464615, at \*8 (N.D. Cal. Nov. 8, 2012). As to the first

20   suggested topic, Plaintiff makes no argument why larger screenshots would affect the Court's

21   analysis on formation. As to the remaining suggested topics, all of these facts are within the scope

22   of Plaintiff's knowledge: he knows how he signed up or made purchases and whether he received

23   or opened emails. *See* Opp. at 22. Finally, permitting discovery would contravene the FAA's

24   "call[] for a summary and speedy disposition" of motions to compel arbitration. *Meyer v. T-Mobile*

25   *USA Inc.*, 836 F. Supp. 2d 994, 1006 (N.D. Cal. 2011).

26   **III.     CONCLUSION**

27          For the foregoing reasons, Coursera respectfully requests that the Court grant Coursera's

28   Motion to Compel Arbitration and stay Plaintiff's claims.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

2     Dated: May 17, 2024                              COOLEY LLP

3

4                                                      By: /s/ Kyle C. Wong
                                                           Kyle C. Wong
5
                                                       Attorney for Defendant
6                                                      Coursera, Inc.

7     303275381

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

COURSERA'S REPLY ISO MOTION TO
COMPEL ARBITRATION
CASE NO. 5:23-CV-05646-EJD